IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARREN CROZIER and PAULA CROZIER, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTSIDE COMMUNITY SCHOOLS DISTRICT, Omaha, Ne; WESTSIDE MIDDLE SCHOOL, Omaha, Ne; ELIZABETH MEYERS, English Teacher; RUSS OLSEN, Principal Westside Middle School; ENID SCHONEWISE, Assistant Superintendent; BLANE MCCANN, Superintendent; NEBRASKA DEPARTMENT OF EDUCATION; MATTHEW BLOMSTEDT, Commissioner; SARA HULAC, Legal Counsel; and BRYTTEN SORGENFREI, Investigator; <br><br> Defendants. | 8:20CV200 <br><br> **MEMORANDUM AND ORDER** |

Plaintiffs, who appear pro se, filed their Complaint on May 28, 2020, and were granted leave to proceed in forma pauperis on June 2, 2020. Plaintiffs subsequently filed an Amended Complaint, which the court considers as superseding the prior, unreviewed pleading. *See* NECivR 15.1(b). This matter is now before the court for initial review of the Amended Complaint (Filing 7) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

I. SUMMARY OF AMENDED COMPLAINT

Plaintiffs' Amended Complaint is substantially similar to the Complaint they filed on November 16, 2018, in Case No. 8:18CV541. The court dismissed that action without prejudice on January 8, 2019, but the court's judgment was reversed on appeal, with directions that the court request counsel for Plaintiffs under 28

U.S.C. § 1915(e). Counsel has now been appointed to represent Plaintiffs in Case No. 8:18CV541, and it will proceed to service of process.

The principal difference between the Amended Complaint in this action and the Complaint in Case No. 8:18CV541 is the addition of allegations regarding the dismissal of administrative complaints Plaintiffs filed with the Nebraska Department of Education. (Filing 7 at 16-29.) Plaintiffs "pray for judicial and jury review under the Administrative Procedures Act for arbitrary and capricious dismissal of all complaints filed against [Elizabeth Meyers, Enid Schonewise, Russell Olsen, and Alan Bone]." (Filing 7 at 23.) To this end, the Department and its Commissioner, Legal Counsel, and Investigator as added as Defendants. Other new allegations in the Amended Complaint, or omissions from the Complaint in Case No. 8:18CV541, are relatively insignificant changes.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Section 1915(e)(2) allows this court to dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotations and citation omitted)). Except for new allegations regarding complaints that Plaintiffs filed with the Nebraska Department of Education, and the addition of the Department and three of its employees as defendants, this action is duplicative of Case No. 8:18CV541.[1]

Judicial review under the Nebraska Administrative Procedure Act is obtained by "filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency." Neb. Rev. Stat. Ann. § 84-917(2)(a)(i) (Westlaw 2020). No independent jurisdictional basis for this court to review the Department's decisions is suggested by the Amended Complaint.

Plaintiffs specify that Matthew Blomstedt, Sara Hulac, and Brytten Sorgenfrei are being sued only in their official capacities as employees of the Nebraska Department of Education. (Filing 7 at 3.) Even if the Amended Complaint might be

---

[1] Plaintiffs also increase their damage claim tenfold, from $2.5 million to $250 million, but a plaintiff is not bound by the amount of relief requested in the complaint. *See Morton Buildings of Nebraska, Inc. v. Morton Buildings, Inc.*, 531 F.2d 910, 919 (8th Cir.1976) ("[T]he law clearly provides that a plaintiff is not strictly bound by the prayers for relief in the complaint; the trial court is obligated to enter judgment in favor of plaintiff for any appropriate relief mandated by the evidence adduced at trial."); *see also* Fed.R.Civ.P. 54(c).

construed as claiming that the Department or its employees violated Plaintiffs' constitutional rights, no relief is available under 42 U.S.C. § 1983. Generally, a state, its agencies and instrumentalities, and its employees in their official capacities are not "persons" "as that term is used in § 1983, and [are] not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

## IV. CONCLUSION

This action will be dismissed without prejudice because it is duplicative of Case No. 8:18CV541 and because this court does not have jurisdiction to review decisions of the Nebraska Department of Education or to impose liability on the State of Nebraska.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 17th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge